UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MICHAEL BUXBAUM,

                                Plaintiff,

                    -v.-

TD BANK,

                                Defendant.

24 Civ. 9832 (KPF)

**ORDER TO AMEND**

KATHERINE POLK FAILLA, District Judge:

Plaintiff Michael Buxbaum filed his initial *pro se* complaint against

Defendant TD Bank on December 18, 2024.  (Dkt. #1).  One week later,

Plaintiff filed an amended complaint with a request for injunctive relief.  (Dkt.

#3).  *See generally* Fed. R. Civ. P. 15(a)(1)(A) ("A party may amend its pleading

once as a matter of course no later than … 21 days after serving it[.]").  Though

both pleadings were sparse, Plaintiff alleges that "TD Bank refuses to activate

my debit card to spend money" (Dkt. #3 at 5), and requests that restrictions be

lifted from his accounts (*id.* at 7).

On January 10, 2025, this case was assigned to the undersigned, and an

initial pretrial conference was scheduled.  (Dkt. #6).  Thereafter, on

January 17, 2025, Plaintiff filed a motion requesting that the Court direct

Defendant to transfer $13,050 from Plaintiff's TD Bank Account to an entity

known as Payward, Inc.  (Dkt. #7-8).  More recently, while that motion has

been pending, Plaintiff has submitted letter requests (i) for issuance of a

summons (Dkt. #9), (ii) for leave to amend a second time (Dkt. #10), and (iii) for

a subpoena to Defendant (Dkt. #11).

## STANDARD OF REVIEW

The Court is obliged to construe *pro se* pleadings liberally, *Harris* v. *Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman* v. *Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). However, "a *pro se* plaintiff still bears the burden of proving subject matter jurisdiction by a preponderance of the evidence." *Logan* v. *Town of Windsor*, 833 F. App'x 919, 920 (2d Cir. 2021) (summary order) (citing *Meadows* v. *United Servs., Inc.*, 963 F.3d 240, 243 (2d Cir. 2020), and *Cooke* v. *United States*, 918 F.3d 77, 80 (2d Cir. 2019)). Similarly, "*pro se* status does not relieve a plaintiff of the pleading standards otherwise prescribed by the Federal Rules of Civil Procedure." *Saidin* v. *N.Y.C. Dep't of Educ.*, 498 F. Supp. 2d 683, 687 (S.D.N.Y. 2007); *see also Triestman*, 470 F.3d at 477 ("*[P]ro se* status 'does not exempt a party from compliance with relevant rules of procedural and substantive law.'" (quoting *Traguth* v. *Zuck*, 710 F.2d 90, 95 (2d Cir. 1983))).

## JURISDICTION AND VENUE

Before granting any or all of Plaintiff's requests, the Court wishes to address the threshold issue of its subject matter jurisdiction. Subject matter jurisdiction "is a threshold issue that must be addressed prior to the merits." *Bates* v. *Offit Kurman Att'ys at L. LLP*, No. 19 Civ. 2814 (KPF), 2019 WL 7067092, at *2 (S.D.N.Y. Dec. 23, 2019) (internal quotation omitted). "[A]ny party or the court *sua sponte*, at any stage of the proceedings, may raise the

question of whether the court has subject matter jurisdiction." *Manway Constr. Co.* v. *Hous. Auth. of the City of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983); *see Ruhrgas AG* v. *Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative[.]").  "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  Fed. R. Civ. P. 12(h)(3).

The subject matter jurisdiction of the federal district courts is limited and is set forth generally in 28 U.S.C. §§ 1331 and 1332.  Under these statutes, a federal district court has subject matter jurisdiction only when a "federal question" is presented or, when asserting claims under state law under the court's diversity jurisdiction, when the plaintiff and the defendant are citizens of different States and the amount in controversy exceeds the sum or value of $75,000.

Both of Plaintiff's complaints claim subject matter jurisdiction under both federal question jurisdiction and diversity jurisdiction.  (Dkt. #1, 3).  As to the former, Plaintiff responds "New York" to the question regarding "the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case."  (Dkt. #1 at 3; Dkt. #3 at 3).  As to the latter, Plaintiff recites that he is a citizen of Florida; that TD Bank has its principal place of business in New York; and that the amount in controversy exceeds $75,000.  (Dkt. #1 at 3-4; Dkt. #3 at 3-4).

Plaintiff does not allege facts sufficient to establish the Court's federal question jurisdiction to consider his claims.  To invoke federal question

jurisdiction, a plaintiff's claims must arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. An action arises under the court's federal question jurisdiction if the complaint "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Bay Shore Union Free Sch. Dist.* v. *Kain*, 485 F.3d 730, 734-35 (2d Cir. 2007) (quoting *Empire Healthchoice Assurance, Inc.* v. *McVeigh*, 547 U.S. 677, 690 (2006) (internal quotation marks omitted)). Mere invocation of federal question jurisdiction, without any facts demonstrating a federal law claim, does not create federal question jurisdiction. *See Nowak* v. *Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1188-89 (2d Cir. 1996). Plaintiff specifies no such facts his complaints, and the Court can discern none from the text of his complaints.

Inasmuch as Plaintiff attempts to assert claims under state law, under the Court's diversity jurisdiction, Plaintiff also does not allege facts sufficient to establish the Court's diversity jurisdiction. To establish diversity jurisdiction under 28 U.S.C. § 1332, a plaintiff must first allege that he and the defendant are citizens of different States. *See* 28 U.S.C. § 1332(a)(1); *Wis. Dep't of Corr.* v. *Schacht*, 524 U.S. 381, 388 (1998) ("A case falls within the federal district court's 'original' diversity 'jurisdiction' only if diversity of citizenship among the parties is complete, *i.e.*, only if there is no plaintiff and no defendant who are citizens of the same State."). For diversity purposes, an individual is a citizen of the State where he is domiciled, which is defined as the place where the

individual "has his true fixed home ... and to which, whenever he is absent, he has the intention of returning." *Palazzo ex rel. Delmage* v. *Corio*, 232 F.3d 38, 42 (2d Cir. 2000) (internal quotation marks and citation omitted). An individual "has but one domicile." *Id.* As relevant here, "a national bank is a citizen only of the state listed in its articles of association as its main office." *OneWestBank, N.A.* v. *Melina*, 827 F.3d 214, 219 (2d Cir. 2016); *accord Wachovia Bank, N.A.* v. *Schmidt*, 546 U.S. 303, 307 (2006); *see also* 28 U.S.C. § 1348.

Plaintiff recites that he is a domiciliary of Florida, and that TD Bank has its principal place of business in New York. Courts have observed, however, that TD Bank has its headquarters in New Jersey or in Delaware. *See Fabric Selection, Inc.* v. *A & T Trading US, Inc.*, No. 20 Misc. 0864 (ARR) (VMS), 2021 WL 811371, at *4 (E.D.N.Y. Feb. 5, 2021) (collecting cases) ("TD Bank is not incorporated in New York and does not maintain a principal place of business in New York."), *report & recommendation adopted*, 2021 WL 810340 (E.D.N.Y. Mar. 3, 2021); *Nucci* v. *PHH Mortg. Corp.*, No. 14 Civ. 2683 (NGG) (RML), 2015 WL 1476892, at *3 n.2 (E.D.N.Y. Mar. 31, 2015). That error does not alter the diversity analysis. However, the Court has difficulty determining that the amount in controversy requirement has been satisfied. The Court recognizes the general principle that any amount pleaded on "the face of the complaint" is presumptively treated as "a good faith representation of the actual amount in controversy." *Scherer* v. *Equitable Life Assurance Soc'y of the U.S.*, 347 F.3d 394, 397 (2d Cir. 2003) (quoting *Wolde-Meskel* v. *Vocational Instruction Project*

*Cmty. Servs., Inc.*, 166 F.3d 59, 63 (2d Cir. 1999)). However, "[t]he amount in controversy must be non-speculative to satisfy the [jurisdictional requirement], and conclusory allegations that the amount-in-controversy requirement is satisfied are insufficient." *Trisvan* v. *Regal Ent. Grp.*, No. 21 Civ. 187 (MKB), 2021 WL 3145932, at *5 (E.D.N.Y. July 26, 2021) (citing *Valente* v. *Garrison from Harrison LLC*, No. 15 Civ. 6522 (DLI) (MDG), 2016 WL 126375, at *2 (E.D.N.Y. Jan. 11, 2016) ("[B]oilerplate pleadings do not suffice to establish that [an] action involves an amount in controversy adequate to support federal diversity jurisdiction.")). The fact remains that no allegation in either of Plaintiff's complaints substantiates his amount in controversy figure; to the contrary, the accuracy of that figure is undermined insofar as (i) the claims in the original and amended complaints were that TD Bank *refused* to allow Plaintiff to use his debit card and (ii) the amount cited in Plaintiff's motion papers is $13,050.

Separately, the Court has concerns about whether this District is the proper venue for this action. Generally speaking, venue lies in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).  For venue purposes, a "natural person" resides in the judicial district where the person is domiciled, and any other "entity with the capacity to sue and be sued," if a defendant, resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question.  *Id.* § 1391(c)(1), (2).

Plaintiff recites that the events giving rise to his claim took place in "New York."  (Dkt. #1 at 4; Dkt. #3 at 4).  However, the State of New York encompasses four districts, *see* 28 U.S.C. § 112, and the Court is unclear which district is implicated by Plaintiff's allegations.  In addition, to the extent that Plaintiff believes the events at issue took place in New York because he believes that Defendant's principal place of business is in New York, the Court clarifies for Plaintiff that TD Bank is headquartered in New Jersey or in Delaware.

## FEDERAL RULE OF CIVIL PROCEDURE 8

The Court recognizes that Plaintiff seeks leave to amend his pleadings a second time.  (Dkt. #10).  It is true that the principle that a "court should freely give leave [to amend a pleading] when justice so requires," Fed. R. Civ. P. 15(a)(2), is particularly applicable to *pro se* plaintiffs, *see Davis* v. *Goord*, 320 F.3d 346, 352 (2d Cir. 2003).  However, Rule 8 of the Federal Rules of Civil Procedure requires a complaint to make a short, plain statement showing that the pleader is entitled to relief.  A complaint states a claim for relief if the claim is plausible.  *Ashcroft* v. *Iqbal*, 556 U.S. 662, 678-79 (2009) (citing *Bell Atl. Corp.* v. *Twombly*, 550 U.S. 544, 555 (2007)).  To review a complaint for

plausibility, the court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in the pleader's favor. *Iqbal*, 556 U.S. at 678-79 (citing *Twombly*, 550 U.S. at 555). But the court need not accept "[t]hreadbare recitals of the elements of a cause of action," which are essentially legal conclusions. *Id.* at 678 (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the court must determine whether those facts make it plausible — not merely possible — that the pleader is entitled to relief.

"When a complaint does not comply with the requirement that it be short and plain, the court has the power, on its own initiative or in response to a motion by the defendant, to strike any portions that are redundant or immaterial, *see* Fed. R. Civ. P. 12(f), or to dismiss the complaint." *Salahuddin* v. *Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988).

In his complaints, Plaintiff alleges simply that "TD Bank refuses to activate my debit card to spend money," and that his "debit card is being interfered with from the bank online." (Dkt. #1 at 5; Dkt. #3 at 5). In his motion papers, Plaintiff asks the Court to direct TD Bank to wire-transfer funds from Plaintiff's account to another account, but again offers no information regarding the circumstances of TD Bank's alleged refusal. (Dkt. #7 at 1).

## CONCLUSION

Giving particular deference to Plaintiff's *pro se* status, the Court GRANTS Plaintiff's request for leave to file a second amended complaint. An Amended Complaint form is attached to this Order. Plaintiff is advised that any amended complaint will supplant, and not supplement, his prior pleadings, and that he should include all relevant allegations in the new complaint.

Plaintiff's second amended complaint must address this Court's subject matter jurisdiction and the propriety of venue in this District. Should the Court determine that it lacks subject matter jurisdiction to consider the case, it may dismiss the case *sua sponte.* Should the Court determine that venue is improper in this District, it may dismiss or transfer the case on that basis. Finally, Plaintiff is reminded that any amended complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8.

The Clerk's Office is directed to terminate the motion at docket entry 7. The Clerk's Office is further directed not to issue summonses or subpoenas in this case until further order of the Court.

SO ORDERED.

Dated:   March 10, 2025
         New York, New York

_____
        KATHERINE POLK FAILLA
        United States District Judge

9

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____
Write the full name of each plaintiff.



-against-


_____

_____

_____

_____
Write the full name of each defendant. If you need more
space, please write "see attached" in the space above and
attach an additional sheet of paper with the full list of
names. The names listed above must be identical to those
contained in Section II.

_____CV_____
(Include case number if one has been
assigned)

**AMENDED**

**COMPLAINT**

Do you want a jury trial?
☐ Yes    ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed
with the court should therefore *not* contain: an individual's full social security number or full
birth date; the full name of a person known to be a minor; or a complete financial account
number. A filing may include *only*: the last four digits of a social security number; the year of
an individual's birth; a minor's initials; and the last four digits of a financial account number.
See Federal Rule of Civil Procedure 5.2.

---

Rev. 2/10/17

## I.   BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐   **Federal Question**

☐   **Diversity of Citizenship**

## A.   If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

_____

_____

_____

_____

## B.   If you checked Diversity of Citizenship

### 1.   Citizenship of the parties

Of what State is each party a citizen?

The plaintiff , _____, is a citizen of the State of
           (Plaintiff's name)

_____
(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____.

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

If the defendant is an individual:

The defendant, _____, is a citizen of the State of
                            (Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or
subject of the foreign state of

_____.

If the defendant is a corporation:

The defendant, _____, is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____.

If more than one defendant is named in the complaint, attach additional pages providing
information for each additional defendant.

## II.  PARTIES

### A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional
pages if needed.

_____

First Name                    Middle Initial        Last Name

_____

Street Address

_____

County, City                              State              Zip Code

_____        _____

Telephone Number                         Email Address (if available)

## B.  Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1:

First Name                          Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                            State                    Zip Code

Defendant 2:

First Name                          Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                            State                    Zip Code

Defendant 3:

First Name                          Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                            State                    Zip Code

Defendant 4:

_____
First Name                          Last Name

_____
Current Job Title (or other identifying information)

_____
Current Work Address (or other address where defendant may be served)

_____
County, City                        State              Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

### FACTS:

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Page 5

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

## IV. RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

Page 6

## V.  PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| Dated | Plaintiff's Signature |
|---|---|

| First Name | Middle Initial | Last Name |
|---|---|---|

Street Address

| County, City | State | Zip Code |
|---|---|---|

| Telephone Number | Email Address (if available) |
|---|---|

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes    ☐ No

If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.